# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LOUIS A. MANDARINI, III, as he is EXECUTIVE DIRECTOR, MASSACHUSETTS LABORERS' BENEFIT FUNDS,<br>            Plaintiff,<br><br>       v.<br><br>L.E.C. CIVIL CONTRACTORS, LLC,<br>            Defendant. | C.A. No. |

## VERIFIED COMPLAINT

## NATURE OF ACTION

1. This is an action brought pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3) and (d)(1) and 1145 and § 301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. § 185, by employee benefit plans to enforce the obligations to make contributions and pay interest due to the plans under the terms of a collective bargaining agreement and the plans.

## JURISDICTION

2. The Court has exclusive jurisdiction of this action pursuant to § 502(a), (e) and (f) of ERISA, 29 U.S.C. §§ 1132(a), (e) and (f), and concurrent jurisdiction pursuant to § 301 of the LMRA, as amended, 29 U.S.C. § 185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3. The Massachusetts Laborers' Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3). It provides health, dental and prescription benefits and life insurance, accident insurance, and accident and sickness benefits to participants. The Massachusetts Laborers' Benefit Funds administers the Fund at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

4. The Massachusetts Laborers' Pension Fund is an "employee pension benefit plan" within the meaning of § 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A). It provides participants with a defined pension benefit. The Massachusetts Laborers' Benefit Funds administers the Fund at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

5. The Massachusetts Laborers' Annuity Fund is an "employee pension benefit plan" within the meaning of § 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A). This Fund is a defined contribution fund. The Massachusetts Laborers' Benefit Funds administers the Fund at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

6. The New England Laborers' Training Trust Fund is an "employee welfare benefit plan" within the meaning of § 3(1) of ERISA, 29 U.S.C. § 1002(1). This Fund trains apprentices and journey workers in the construction industry. The Fund is administered at 37 East Street, Hopkinton, Massachusetts, within this judicial district.

7. The Massachusetts Laborers' Legal Services Fund is an "employee welfare benefit plan" within the meaning of § 3(1) of ERISA, 29 U.S.C. § 1002(1). The Fund is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

8. The Health and Welfare, Pension, Annuity, Training and Legal Services Funds are multi-employer plans within the meaning of § 3(37) of ERISA, 29 U.S.C. § 1002(37). They

are hereinafter collectively referred to as "the Funds."  The Funds are third party beneficiaries of the collective bargaining agreement between Defendant L.E.C. Civil Contractors, LLC ("L.E.C. Civil") and the Massachusetts & Northern New England Laborers' District Council ("Union").

9. Louis A. Mandarini, III is the Executive Director of the Massachusetts Laborers' Benefit Funds, located at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.  Among other things, Mr. Mandarini serves as the collection agent for the Funds, and the other funds and dues set forth below.  In this capacity, Mr. Mandarini has authority and control over collecting fund contributions and is a fiduciary within the meaning of § 3(21)(A), 29 U.S.C. § 1002(21)(A).

10. Defendant L.E.C. Civil is a Massachusetts Limited Liability Company with a principal place of business at P.O. Box 325, Danvers, MA 01923, and is an employer engaged in commerce within the meaning of § 3(5) and (12) of ERISA, 29 U.S.C. § 1002(5) and (12) and within the meaning of § 301 of the LMRA, 29 U.S.C. § 185.  Its Resident Agent is listed as William M. Linskey, Jr. at 34 Wildwood Road, Danvers, MA 01923.

## GENERAL ALLEGATIONS OF FACT

11. On or about July 10, 2020, L.E.C. Civil agreed in writing to be bound to the terms of the Acceptance of Agreement(s) and Declarations of Trust establishing Plaintiff Funds, to the terms of collective bargaining agreements requiring contributions to Plaintiff Funds, and to any successor agreements.  A true and accurate copy of L.E.C. Civil's signed Acceptance of Agreement(s) and Declarations of Trust ("Acceptance of Agreements") is attached hereto as Exhibit A.

12. Because of the Acceptance of Agreements, L.E.C. Civil is party to the Building and Site Construction Agreement between the Union and the Associated General Contractors

Association of Massachusetts, Inc. and the Building Trades Employers' Association of Boston and Eastern Massachusetts, Inc. (the "CBA"), as well as the collective bargaining agreements between the Union and the Labor Relations Division of the Construction Industries of Massachusetts, Inc., the Union and the Construction Industries Association of Western Massachusetts, Inc., and between the Union and the General Contractors' Association of Pittsfield, Massachusetts, Inc.  All of the agreements' terms that are relevant to this case are materially the same as those contained in the CBA.  A copy of the relevant pages of the 2020 - 2024 CBA is attached hereto as Exhibit B.

13. The CBA requires employers to make contributions to each of the Plaintiff Funds for each hour worked by covered employees at rates prescribed therein by the 20th of the month following the month in which the work was performed.  Ex. B at 26-37.

14. The CBA also requires employers to remit contributions to the New England Laborers' Health and Safety Fund, the New England Laborers' Labor-Management Cooperation Trust, the Massachusetts Construction Advancement Program, and the Massachusetts Laborers' Unified Trust (collectively the "non-ERISA Funds") for each hour worked by covered employees at prescribed rates.  Further, it specifies that dues and contributions to the Laborers' Political League ("LPL") shall be deducted from the pay of each employee and forwarded to the Funds.  Id.

15. The Fund office collects the contributions owed to all of the ERISA and non-ERISA Funds and the dues owed to the Union.

16. All employers that are delinquent in the payment of contributions are charged interest on the delinquency at the rate of 10 percent per annum, liquidated damages in the

amount of 20 percent of the delinquency, and reasonable attorneys' fees and costs to collect the delinquency.  Id.

17. Signatory contractors such as L.E.C. Civil are obligated to submit remittance reports each month, on which they list the hours worked by their employees and calculate the amount of contributions due the Funds for all work performed by their employees in a given month.  Id.  They are also required to submit to periodic audits of their payroll related records. Id.

18. If a signatory contractor has failed or refused to submit remittance reports for more than two months or to submit to an audit within a reasonable period of time, the CBA authorizes the Funds to estimate the number of hours for which contributions are owed based on the most recent twelve months audited or the last twelve months of the employer's contributions, whichever is higher.  Id.

19. L.E.C. Civil has failed to submit reports or remit contributions for the period September through December 2021 and has failed to remit contributions for the period April and June through August 2021, and on information and belief, it employed laborers during that period.  Altogether, L.E.C. Civil owes at least $115,703.16 in contributions for the period April and June through December 2021.

20. In addition, L.E.C. Civil owes $1,435.18 in interest on contribution payments that were previously paid late.

## COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS

21. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 20 above.

22. The failure of L.E.C. Civil to make payment of all contributions owed to Plaintiff Funds on behalf of all covered employees violates § 515 of ERISA, 29 U.S.C. § 1145.

23. Absent an order from this Court, L.E.C. Civil will continue to ignore its obligations to remit the contributions it owes to the Funds.

24. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by § 502(h) of ERISA, 29 U.S.C. § 1132(h).

### COUNT II - VIOLATION OF COLLECTIVE BARGAINING AGREEMENT - DELINQUENT CONTRIBUTIONS, INTEREST, AND DUES

25. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 24 above.

26. The CBA is a contract within the meaning of § 301 of the LMRA, 29 U.S.C. § 185.

27. The failure of L.E.C. Civil to pay the contributions it owes for April and June through August 2021, to submit remittance reports and contributions for September through December 2021, and to pay the $1,435.18 in interest it owes on late-paid contributions violates the terms of the CBA.

**WHEREFORE**, Plaintiff requests this Court grant the following relief:

a. Enter judgment in favor of the Funds on Count I in the amount of all contributions due for the months of April and June through December 2021, plus any additional amounts determined by the Court to be owed to the Funds or which may become due during the pendency of this action, together with interest on the unpaid contributions at 10 percent per annum, liquidated damages in an amount equal to 20 percent of the total of unpaid contributions or the

total interest owed, whichever is greater, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. § 1132(g)(2);

  b. Enter judgment in favor of the Funds on Count II in the amount of any unpaid contributions and dues for the months of April and June through December 2021, plus $1,435.18 in interest on late-paid contributions, and any additional amounts determined by the Court to be owed to the Funds or which may become due during the pendency of this action;

  c. Order L.E.C. Civil to make available to the Plaintiff Funds or their duly authorized representative all of its payroll records, including, but not limited to, file copies of contribution reports, payroll tax returns, employees' earning records and hours worked, weekly payroll registers, certified payrolls, cash disbursement journals, and a complete listing of all job locations from its last audited date until the date of the Court's order for the purpose of ascertaining the amounts, if any, of unpaid contributions owed for that period;

  d. Enter a preliminary and permanent injunction enjoining L.E.C. Civil from refusing or failing to permit the Plaintiff Funds to audit the payroll records as prayed for in the preceding paragraph;

  e. Enter a preliminary and permanent injunction enjoining L.E.C. Civil from refusing or failing to pay the contributions and interest owed to the Funds;

  f. Order the attachment of the machinery, inventory, bank accounts, and accounts receivable of L.E.C. Civil; and

  g. Such further and other relief as this Court may deem appropriate.

Respectfully submitted,

LOUIS A. MANDARINI, III, as he is
EXECUTIVE DIRECTOR, MASSACHUSETTS
LABORERS' BENEFIT FUNDS,

By his Attorneys,

/s/ Nathan P. Goldstein
Nathan P. Goldstein, BBO No. 666101
Sasha N. Gillin, BBO No. 690769
Sophie C. Esquier, BBO No. 698875
SEGAL ROITMAN, LLP
33 Harrison Avenue, 7th Floor
Boston, MA 02111
(617) 742-0208, Ext. 253
ngoldstein@segalroitman.com
sgillin@segalroitman.com
sesquier@segalroitman.com

Dated: February  8 , 2022

## VERIFICATION

I, Louis A. Mandarini, III, Executive Director for the Massachusetts Laborers' Benefit Funds, verify that I have read the above Verified Complaint, and the factual allegations set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 7 DAY OF

FEBRUARY, 2022.

_____
Louis A. Mandarini, III

NPG/sce,npg&ts
6306-21103/complt.doc